UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

DAVID JASON ADAMS,

        Petitioner,

v.                                      Civil Action No. 2:20-cv-316

J. ANDREWS,
Warden,

        Respondent.

### REPORT AND RECOMMENDATION

Petitioner David Jason Adams ("Adams" or "Petitioner"), a federal inmate incarcerated at Federal Correctional Complex ("FCC") Petersburg Medium, is currently serving a 360 month sentence for one count of Aggravated Sexual Abuse of a Child in violation of Title 18 U.S.C. § 2241(c). After unsuccessfully seeking relief on collateral review under 28 U.S.C. § 2255, Adams has now filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, (ECF No. 1), arguing that the application of a mandatory minimum sentence for his § 2241(c) conviction violated the ex post facto clause. Pet. (ECF No. 1, at 8-11). Apparently relying on the "savings clause" in § 2255(e), Adams asks the court to resentence him accordingly. Id. at 11-12.

Respondent J. Andrews, Warden of FCC Petersburg Medium, ("Respondent") filed a brief opposing Adams' Petition, (ECF No. 8). Respondent argues that Adams' claims are not cognizable under § 2241 and that this court therefore lacks jurisdiction to review them. As Adams cannot satisfy the 28 U.S.C. § 2255(e) savings clause test set out in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), to establish that § 2255 is inadequate and ineffective to test the legality of his sentence, this report recommends that Respondent's Motion to Dismiss for

1

Lack of Jurisdiction be GRANTED and that the Petitioner's habeas petition be DENIED and DISMISSED.

## I. STATEMENT OF THE CASE

On February 12, 2013, Adams was indicted by a federal grand jury in the Western District of Texas on two counts of Aggravated Sexual Abuse of a Child in violation of Title 18 U.S.C. § 2241(c). United States v. David Jason Adams, 6:13cr00024 (W.D. Tex.) (ECF No. 1). A jury convicted Adams of both counts on October 1, 2013. Id. (ECF No. 49). Adams moved for acquittal, and the district court granted Adams' motion for acquittal with respect to the second count. Id. (ECF No. 52). On November 26, 2013, the court sentenced Petitioner to 360 months incarceration, five years supervised release, a $1,000 fine, and a $100 special assessment on the remaining count. Id. (ECF No. 62).

Adams' did not appeal his conviction, but on November 24, 2014, he filed a pro se Motion to Vacate, Set Aside, or Correct Sentence pursuant to Title 28 U.S.C. § 2255. Id. (ECF No. 70). Petitioner's § 2255 motion alleged numerous grounds on which to vacate his sentence including "outrageous government conduct/prosecutorial misconduct," lack of jurisdiction, and ineffective assistance of counsel. Id. Petitioner's ineffective assistance of counsel claims included failure to file an appeal and failure to raise an ex post facto challenge to his sentence. Id. at 9, 26-27, 29. The district court found that Petitioner had failed to instruct his counsel to file an appeal and that Petitioner's counsel had raised the ex post facto issue. Id. (ECF No. 99, at 11-16). Thus, on November 22, 2016, the court denied Adams' motion and entered a Final Judgment. Id. (ECF No. 103). In February 2017, Adams moved to extend his deadline to appeal, which the district court denied. Id. (ECF Nos. 106, 108). On July 25, 2017, the district court also denied Adams' motion for reconsideration of this denial for his motion to extend time.

2

Id. (ECF Nos. 110, 112). Petitioner filed a Notice of Appeal to the Fifth Circuit on August 21, 2017 and on September 19, 2017, moved to proceed In Forma Pauperis. Id. (ECF Nos. 113-14). The district court denied Adams' Motion to Proceed In Forma Pauperis, id., Dkt. Text Order, Sept. 22, 2017, and on March 28, 2018, the Fifth Circuit denied Adams' motion and dismissed his appeal. United States v. Adams, 716 F. App'x 367, 368 (5th Cir. 2018).

On June 22, 2020, Petitioner filed this petition for a writ of habeas corpus under Title 28 U.S.C. § 2241 in the Eastern District of Virginia. Pet. (ECF No. 1).[1] Petitioner asserts that he was improperly sentenced in the Western District of Texas based on uncertainty regarding the date of his offense. Id. at 8-11. Specifically, Petitioner claims that the evidence established his offense conduct occurred in March 2006 when he was on leave from military deployment. Id. at 8-9. He argues that the indictment and sentencing guideline computations improperly relied on a later date of December 31, 2007 when calculating his sentence to ensure that Petitioner would receive the mandatory minimum sentence, which came into effect on July 27, 2006. Id. at 10. As a result, he claims that his sentence violates the ex post facto clause. Id. Respondent filed a Motion to Dismiss for Lack of Jurisdiction on November 13, 2020, (ECF No. 8), and after three extensions, Adams filed his response to the motion to dismiss, (ECF No. 16), on April 1, 2021. The matter is now ripe for review.

## II. LEGAL STANDARD

Title 28, § 2255 of the United States Code provides the intended vehicle by which federal prisoners may seek to challenge their convictions or sentences by collateral attack. See Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam). Only when § 2255 is "inadequate or

---

[1] Petitioner's Petition and exhibits, (ECF No. 1), as well as the attached exhibits to Petitioner's Objection to Respondent's Motion to Dismiss, (ECF No. 16), contain identifying information regarding minors in violation of Federal Rule of Civil Procedure 5.2. Therefore, the clerk is directed to seal these documents and file the redacted copies prepared by the Court.

3

ineffective to test the legality of . . . detention" may a federal prisoner pursue relief under § 2241. 28 U.S.C. § 2255(e); see also Rice, 617 F.3d at 807. But § 2255 is not rendered "inadequate or ineffective merely because an individual is unable to obtain relief under that provision." In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

In re Jones recognized a narrow set of circumstances in which § 2255 would be inadequate to test the legality of a prisoner's detention. It established a three-part test for prisoners seeking habeas relief under § 2241. That provision is available if:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34. Thus, under In re Jones, a federal prisoner can pursue a § 2241 motion only if he did not have an "opportunity to utilize a § 2255 motion to take advantage of a change in the applicable law." Rice, 617 F.3d at 807. If, however, "the prisoner had an unobstructed procedural shot at filing a § 2255 motion to take advantage of such a change, a § 2241 motion is unavailable to him" and the court lacks jurisdiction. Id.

In March of 2018, the Fourth Circuit decided Wheeler, reaffirming In re Jones but fashioning a new four-part test for prisoners seeking to invoke the § 2255 savings clause to challenge their sentences under § 2241. See 886 F.3d 415, 428-29 (4th Cir. 2018). Under this test, § 2255 is inadequate and ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Id.

The savings clause of § 2255 is jurisdictional. Id. at 423-26. Accordingly, the court may not consider the merits of Adams' claims but must instead dismiss his Petition unless he is able to satisfy the appropriate test. Id. at 423.

### III. ANALYSIS

Respondent asserts that the Court should dismiss Petitioner's § 2241 Petition for lack of jurisdiction, as Petitioner had an "unobstructed procedural shot" to raise his ex post facto claim in a § 2255 motion and Petitioner's claims do not satisfy the Wheeler test. I agree.

"As a general matter, a federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015) (citation omitted); see also Rice, 617 F.3d at 807 ("[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255."). Petitioner asserts that he is challenging the "execution" of his sentence, not the validity. Pl.'s Objection to Mot. to Dismiss ("Pl.'s Objection") (ECF No. 16, at 3). But Petitioner's current motion raises an ex post facto argument that the district court in which he was convicted erred in sentencing him based on mandatory sentencing guidelines, which he claims went into effect after the date of Petitioner's offense. Id. at 5-8. Such an argument is a challenge to the sentence itself and must generally be brought under § 2255.

There is no dispute that the ex post facto challenge Adams asserts here was known to him at the time of his sentence. As a result, Adams had an "unobstructed procedural shot at filing a § 2255 motion" and has, in fact, already brought a § 2255 petition claiming his counsel was

5

ineffective for failing to raise this same ex post facto argument.[2] United States v. David Jason Adams, 6:13cr00024 (W.D. Tex.) (ECF No. 70, at 9, 26-27). The district court in which Adams was sentenced considered the argument and determined that defense counsel raised the issue at the sentencing hearing,[3] but that the sentencing court overruled the objection. Id. (ECF No. 99, at 11-12). Thus, the court found Petitioner had "failed to demonstrate his counsel's performance was deficient." Id. at 12. Although Petitioner framed the ex post facto argument in his § 2255 petition as a claim for ineffective assistance of counsel, the ex post facto argument was available to Petitioner at the time of he filed his § 2255 petition. "[B]ecause Petitioner had an opportunity to utilize a § 2255 petition to raise the arguments he now raises in his § 2241 Petition, 'a § 2241 motion is unavailable to him.'" Pride v. Ormond, 2:19cv222, 2019 WL 8016565, at *4 (E.D. Va. Dec. 30, 2019) (quoting Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010) (per curiam)).

A petitioner can only challenge the legality of his detention under § 2241 if § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e); see also United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018) (emphasizing that "prisoners may only resort to the savings clause where the other avenues for remedy in § 2255 are ineffective"). Here, Petitioner repeatedly reiterates that he had "no other choice" but to file a motion under § 2241, as he had "exhausted all remedies." Pl.'s Objection (ECF No. 16, at 4). But the fact that Petitioner's previous § 2255 motion was denied does not entitle him to challenge his sentence under § 2241. See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) (noting that a motion is not "inadequate or ineffective merely because an individual is unable to obtain relief under that

---

[2] As Petitioner has already filed a § 2255 petition he would have to receive certification from the Court of the Appeals in the district that sentenced him allowing him to file a second or successive petition under § 2255 in that district. 28 U.S.C. § 2255(h).

[3] Defense Counsel for Petitioner also raised the ex post facto challenge to Adam's sentence in his sentencing memorandum. See Pl.'s Objection, Ex. Def. David J. Adams' Objections to the Presentence Investigation Rep. (ECF No. 16, at 35-37).

provision," as "[a] contrary ruling would effectively nullify the gatekeeping provisions"). In order to challenge the legality of his sentence under § 2241, Petitioner must meet the requirements of the savings clause set out Wheeler, which Petitioner acknowledges he cannot do. Pl.'s Objection (ECF No. 16, at 4) ("I don't meet United States v. Wheeler and never lead [sic] the Court to believe this.").

Wheeler's second step asks whether "subsequent to the prisoner's direct appeal and first § 2255 motion, the . . . settled substantive law changed and was deemed to apply retroactively on collateral review." Wheeler, 886 F.3d at 429. Petitioner in this case cannot point to any change in substantive law "subsequent to the prisoner's direct appeal and first § 2255 motion." Petitioner did not file a direct appeal and the change in law that Petitioner points to—the imposition of a 360 month mandatory minimum sentence—occurred on July 27, 2006, before Petitioner was even sentenced, and eight years before he had filed his § 2255 motion.

In sum, Petitioner has not shown a change in substantive law affecting his sentence that "was deemed to apply retroactively on collateral review." Id. Accordingly, the court lacks jurisdiction over Adams' Petition.

## IV. RECOMMENDATION

For the foregoing reasons, the court lacks jurisdiction to entertain Adams' Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Accordingly, this report recommends that the court DISMISS Adams' Petition, (ECF No. 1), without prejudice for lack of jurisdiction.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an additional three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

/s/ Douglas E. Miller
United States Magistrate Judge
DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
May 4, 2021

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to:

**David Jason Adams**
41770-379
Federal Correctional Complex
Petersburg Medium
P.O. Box 1000
Petersburg, Virginia 23804

and an electronic copy was provided to:

**Brian James Samuels**
Assistant United States Attorney
United States Attorney's Office
Fountain Plaza Three
721 Lakefront Commons
Suite 300
Newport News, Virginia 23606

Fernando Galindo, Clerk

By  /s/ J. L. Meyers
          Deputy Clerk

_____May 4_____, 2021